UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CEDRIC GOLSTON,

              Petitioner,

v.                                             9:20-CV-0621
                                                        (BKS)

EARL BELL,

              Respondent.
_____

APPEARANCES:                                            OF COUNSEL:

CEDRIC GOLSTON
Petitioner, pro se
02-A-3634
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Cedric Golston seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On June 5, 2020, the Court issued a Decision and Order giving petitioner thirty days to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 2, Decision and Order. Petitioner subsequently remitted the statutory filing fee. Dkt. Entry for 6/19/20 (identifying receipt information for filing fee transaction).

---

      [1] Citations to the various submissions, Court Orders, and Mandates refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II.     PREVIOUS HABEAS PETITIONS

Petitioner previously filed several habeas petitions in the Northern District of New York. The first was in 2003; however, it challenged the denial of bail and not petitioner's underlying criminal conviction. *See Golston v. Artus*, No. 9:03-CV-1131 (DNH/DRH) ("*Golston I*"), Dkt. No. 18, Report-Recommendation and Order (recommending denial of petition on the merits); *Id.*, Dkt. No. 19, Decision and Order (accepting the Report-Recommendation and Order).

The second petition was filed in 2006. *See Golston v. Artus*, No. 9:06-CV-0983 (JKS) ("*Golston II*"). Petitioner challenged a 2002 conviction from Schenectady County, pursuant to a jury verdict, for robbery, grand larceny, unlawful imprisonment, and criminal possession of a weapon. *Golston II*, Dkt. No. 1, Petition, at 1. The New York State Supreme Court Appellate Division, Third Department affirmed the conviction and, on July 12, 2005, the New York State Court of Appeals denied petitioner's application for leave to appeal. *Id.* at 2; *see also People v. Golston*, 13 A.D. 887 (3rd Dep't 2004), *lv. appeal denied*, 5 N.Y.3d 789 (2005).

Petitioner argued that he was entitled to habeas relief because "[t]he trial court lacked personal jurisdiction to convict [him]." *Golston II*, Petition at 4; *see also Golston II*, Dkt. No. 1-2 at 8-15. Specifically, petitioner contended that the recusal of the first judge presiding over his arraignment, Judge Eidens, invalidated any subsequent decision by the second judge assigned to the remaining pretrial and trial matters, Judge Hoye. *Golston II*, Petition at 4; *see also Golston II*, Dkt. No. 1-2 at 16-25.

The petition was denied. *Golston II*, Dkt. No. 25, Decision and Order dated Feb. 27,

2

2008 ("February Order").  Specifically, the Court held that Golston's argument that the trial court lacked jurisdiction failed to state a claim for federal relief.  *Id.* at 4.  Moreover, the Third Department's decision finding that petitioner's participation in a hearing and trial submitted him to said court's jurisdiction, even though the arraignment and plea were voided by Judge Eidens' statutory disqualification, was consistent with Supreme Court precedent.  *Id* at 3-4.

In 2008, petitioner filed his third habeas petition, along with a motion that his petition not be considered a second or successive petition.  *See Golston v. Artus*, No. 9:08-CV-0420 (NAM) (*"Golston III"*), Dkt. No. 1, Petition; *Id.*, Dkt. No. 4, Motion.  On April 24, 2008, this Court denied petitioner's motion asking that the petition not be treated as a second or successive petition and transferred the action to the United States Court of Appeals for the Second Circuit.  *Golston III*, Dkt. No. 5, Transfer Order.  Specifically, the Court held that petitioner's admittedly identical argument "that [the] subsequent judgments of Judge Hoye cannot rest considering the invalidity of the proceedings which proceeded thereon" which challenged the same criminal conviction as *Golston II*, was successive and needed to be transferred pursuant to 28 U.S.C. §§ 2244(b)(1), (b)(2), and (b)(3).  *Golston III*, Transfer Order at 3-6.  The Second Circuit construed petitioner's papers as an application for leave to file a successive petition and, on June 18, 2008, denied petitioner's application "because it d[id] not satisfy the criteria set forth in 28 U.S.C. § 2244(b)."  *Golston III*, Dkt. No. 6, Mandate at 1-2.

### III.   THE PRESENT PETITION

Petitioner's present filing acknowledges one of his prior habeas petition, *Golston II*. Dkt. No. 1, Petition ("Pet."), at 3; Dkt. No. 1-1 at 5-18.  Petitioner identifies his 2002

3

conviction from Schenectady County, pursuant to a jury verdict, for robbery, grand larceny, unlawful imprisonment, and criminal possession of a weapon as the state court decision which he intends to challenge. Pet. at 1. Further, petitioner again argues that "the subsequent judgments of Judge Hoye [cannot] rest considering the invalidity of [the] proceedings which proceeded thereon." *Id.* at 5. For a more complete statement of petitioner's claims, reference is made to the petition and attached memorandum of law.

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United

4

States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review." *Liriano*, 95 F.3d at 122. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith." *Id.* (internal quotation marks and citations omitted). In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

Here, petitioner acknowledges he has already unsuccessfully filed a habeas action in this Court. Pet. at 3; Dkt. No. 1-1 at 5-18. Petitioner is challenging the same underlying criminal conviction which he has already attacked in his prior petitions. *Compare Golston II*, Petition at 1, *with Golston III*, Petition at 1, *and* Pet. at 1. Furthermore, he is advancing the

5

same argument which was already denied on the merits by this Court in *Golston II*. *Golston II*, February Order at 3-4; *Golston III*, Transfer Order at 3-6. Therefore, his petition is successive.

Moreover, "in light of petitioner's previous duplicative applications, this Court declines to transfer the action to the Second Circuit." *Brown v. United States*, No. 1:13-CV-7937, 2014 WL 12909140, at *2 (S.D.N.Y. Jan. 7, 2014). In *Golston III*, petitioner knowingly filed a successive petition accompanied by a motion asking this Court not to deem the petition successive. *Golston III*, Dkt. No. 4, Motion. This would suggest that petitioner was aware of the AEDPA procedure for filing successive petitions. Even assuming he was not at the time he filed his petition, the Court's Transfer Order and the Second Circuit's subsequent Mandate articulated the procedural requirements and would have served to educate him.

Furthermore, petitioner is aware that his current claim regarding the validity of his criminal proceedings under Judge Hoye is insufficient to satisfy the standards required for a successive petition because the Second Circuit has already told him so. *Golston III*, Mandate at 1-2. In sum, "[p]etitioner's history of filing . . . duplicative applications, all with identical results, indicates that he is aware of the AEDPA requirement to seek permission in the Court of Appeals before filing a second and successive petition and that he has not filed this petition in this Court in good faith." *Brown*, 2014 WL 12909140, at *2. Therefore, because the interests of justice and the Second Circuit holding in *Liriano* do not compel transfer of the petition to the Second Circuit, the action will be dismissed. If petitioner wishes to further pursue this action, he may seek permission directly from the Second Circuit.

**V.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition be **DISMISSED**; and it is further

**ORDERED** that petitioner may not file any further documents in this case, other than those directed to the Court of Appeals.  Because petitioner makes no substantial showing of a denial of a constitutional right as 28 U.S.C. § 2253 requires, a certificate of appealability will not issue;[2] and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: August 27, 2020

Brenda K. Sannes
U.S. District Judge

---

[2] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).